IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NOE MARTINEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 07 C 6112 |
| ) | |
| Chicago Police Officer OFFICER JOHN ) | Judge Robert Gettleman |
| HALEAS (STAR # 6719) and CITY OF ) | |
| CHICAGO, ) | Magistrate Judge Cole |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

**INITIAL JOINT STATUS REPORT**

A.  This matter is set for a status at 9:00 a.m. on Wednesday, April 16, 2008.

B.  **For Plaintiff**
Michael Oppenheimer, Esq.
Jon Erickson, Esq.
Erickson & Oppenheimer, LLC
4554 n. Broadway, Suite 325
Chicago, Illinois 60602
(773) 907-0940 (phone)
(773) 907-0946 (facsimile)

**For Defendants**
Terrence M. Burns, Esq.
Daniel Noland, Esq.
Gregory L. Lacey, Esq.
Dykema Gossett PLLC
10 South Wacker Drive, Suite 2300
Chicago, Illinois 60606
(312) 876-1700 (phone)
(312)876-1155 (facsimile)

C.  This is a case brought pursuant to 42 U.S.C. § 1983, including unlawful seizure, due process and *Monell*, and related state claims, including false imprisonment, malicious prosecution and *respondeat superior*. The basis for jurisdiction is federal subject matter jurisdiction.

D.  All parties request a jury trial.

E.      Plaintiff asserts that on June 7, 2007, he exited a lounge in Chicago and walked to his car, which was parked at 2010 N. Parkside, to use his cell phone. Plaintiff opened his car and entered the car. Plaintiff claims that, at no time, did he put the keys in the ignition nor did he start the car. Plaintiff claims that Police Officer Haleas and another officer approached the car, ordered Plaintiff to exit and immediately placed Plaintiff under arrest. Plaintiff claims that Officer Haleas failed to offer or administer the Standardized Field Sobriety Performance Tests to Plaintiff. Plaintiff also alleges that Officer Haleas falsified a report which ultimately lead to Plaintiff's prosecution. Plaintiff alleges he was subjected to unreasonable seizure, false arrest and malicious prosecution without probable cause.

F.      Plaintiff seeks an injunction, money damages and attorney's fees.

G.      All Defendants have been served.

H.      Legal issues involve §1983 allegations, including unlawful seizure, due process and *Monell*, and related state claims of false imprisonment, malicious prosecution and *respondeat superior*, and defenses to each of these claims.

I.      Plaintiff asserts that on June 7, 2007, he exited a lounge in Chicago and walked to his car, which was parked at 2010 N. Parkside, to use his cell phone. Plaintiff opened his car and entered the car. Plaintiff claims that, at no time, did he put the keys in the ignition nor did he start the car. Plaintiff claims that Police Officer Haleas and another officer approached the car, ordered Plaintiff to exit and immediately placed Plaintiff under arrest. Plaintiff claims that Officer Haleas failed to offer or administer the Standardized Field Sobriety Performance Tests to Plaintiff. Plaintiff also alleges that Officer Haleas falsified a report which ultimately lead to Plaintiff's prosecution. Plaintiff alleges he was subjected to unreasonable seizure, false arrest and malicious prosecution without probable cause. Furthermore, Plaintiff claims that the City of Chicago had one or more *de facto* policies, practices or customs of, *inter alia*, failure to properly investigate allegations of misconduct and failure to properly discipline sustained allegations of police misconduct. Defendants deny Plaintiff's claim that an unreasonable stop or an unreasonable seizure occurred or that Officer Haleas acted, in any way, violated Plaintiff's constitutional rights. Moreover, Defendants deny that the City of Chicago has any *de facto* policies, practice of customs as asserted in Plaintiff's First Amended Complaint.

J.      Anticipated motions include a possible Motion to Dismiss and a possible Motion for Summary Judgment at the close of discovery.

K.      The Parties propose 180 days for fact. Following the close of fact discovery, expert discovery would require an additional 90 days. Therefore, all discovery would close in 9 months. A maximum of 10 depositions is expected with respect to the underlying claim involving Plaintiff's arrest. A maximum of 25 Requests to Produce, 25 Interrogatories and 25 Requests to Admit are anticipated.

L.      The Parties believe this matter can be ready for trial in March, 2009, barring

dispositive motions. The trial is estimated to last 2-3 days.

M. The Parties have not yet had settlement discussions. However, the Parties believe that a settlement conference could be beneficial following some discovery (*e.g.*, Party depositions)

N. There is not unanimous consent to trial before the magistrate judge.

Dated: April 9, 2008                              Dated: April 9, 2008

/s/ Michael Oppenheimer                    /s/ Gregory L. Lacey
Michael Oppenheimer, Esq.               Terrence M. Burns, Esq.
Jon Erickson, Esq.                               Daniel Noland, Esq.
Erickson & Oppenheimer, LLC         Gregory L. Lacey, Esq.
4554 n. Broadway                               Dykema Gossett PLLC
Suite 325                                              10 South Wacker Drive
Chicago, Illinois 60602                        Suite 2300
*One of the Attorneys for Plaintiff*       Chicago, Illinois 60606
                                                              *One of the Attorneys for Defendants*

# **CERTIFICATE OF SERVICE**

I, Gregory L. Lacey, hereby certify that on April 9, 2008, I electronically filed the foregoing Initial Joint Status Report with the Clerk of the Court using the CM/ECF system. Notification and a copy of such filing is sent through the CM/ECF system to counsel of record as set forth below.

Michael Oppenheimer, Esq.
Jon Erickson, Esq.
Erickson & Oppenheimer, LLC
4554 n. Broadway, Suite 325
Chicago, Illinois 60602

By:   s/Gregory L. Lacey
One of Defendants Attorneys
DYKEMA GOSSETT PLLC
10 South Wacker Drive, Suite 2300
Chicago, Illinois 60606
(312) 876-1700
glacey@dykema.com