IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NOE MARTINEZ,<br><br>      Plaintiff,<br><br>vs.<br><br>OFFICER JOHN HALEAS AND THE CITY OF CHICAGO,<br><br>      Defendants. | Case No. 07 C 6112<br><br>Judge Gettleman<br><br>Magistrate Judge Cole |

**DEFENDANT, CITY OF CHICAGO'S, MOTION TO STAY**

Defendant, City of Chicago ("City"), by its attorney, Terrence M. Burns of Dykema Gossett PLLC, for its Motion to Stay, states as follows:

**BACKGROUND**

In his First Amended Complaint, Plaintiff, Noe Martinez ("Plaintiff"), asserts unlawful seizure, false imprisonment, a Section 1983 due process claim and malicious prosecution against Defendant Officer John Haleas, and a Section 1983 *Monell* claim and claim of *respondeat superior* against the City.

On or about April 9, 2008, after the First Amended Complaint was filed, the State of Illinois filed a ten-count indictment against Defendant Officer Haleas, of the Chicago Police Department, under Indictment No. 08 CR-7115. The state indictment contains accusations of official misconduct (4 counts), obstruction of justice (2 counts) and perjury (4 counts). The allegations set forth in the indictment stem from Officer Haleas' alleged making of a false report, knowingly furnishing false information and making false statements relative to the arrest of Edward Beck for driving under the influence.

I. **THIS CASE SHOULD BE STAYED UNTIL AFTER THE CRIMINAL CHARGES HAVE BEEN RESOLVED.**

If this case proceeds, the City will have to defend itself without the full benefit of discovery from the key Defendant in this matter. Here, the allegations asserted in the First Amended Complaint against Haleas are similar to the allegations of wrongful conduct asserted against him in the indictment, in that both assert that Haleas failed to administer field sobriety tests, created false police reports relative to tests conducted and procedures followed, and committed perjury by falsely testifying under oath that certain tests were conducted prior to effectuating arrests for driving under the influence. Because the factual allegations raised in the Complaint are similar to the facts asserted under the indictment, it is quite likely that Haleas may assert a Fifth Amendment privilege as to any testimony related to the allegations in this case. *See Leftkowitz. V. Turley*, 414 U.S. 70, 77 (1973) ("The Fifth Amendment not only protects the individual against being involuntarily called to testify against himself in a criminal prosecution, but also privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings.").

A. **A Stay is the Appropriate Means of Protecting Fifth Amendment Rights and Ensuring a Fair Trial.**

This Court has broad discretion to stay proceedings in a civil action where there is an ongoing criminal investigation. Courts routinely endorse a stay of the civil proceeding as an appropriate means of addressing the Fifth Amendment dilemma created by parallel criminal prosecutions. *See, e.g., United States v. Kordel*, 397 U.S. 1, 9 (1970); *Sec. & Exch. Comm'n v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375-76 (D.C. Cir.) (*cert. denied* 449 U.S. 993 (1980)).

2

B.     **The Relevant Factors Warrant a Stay Here.**

In determining whether a stay should be granted in a civil case based on the existence of a criminal proceeding, the court considers six factors: (1) whether the civil action involves the same subject matter as the criminal investigation, and whether the government initiated both proceedings; (2) the posture of the criminal proceeding; (3) the public interests at stake; (4) judicial efficiency; (5) the prejudice, if any, that a stay would cause the civil plaintiff; and (6) the prejudice that the defendant will suffer if a stay is not issued. *See*, *e.g.*, *Drake v. City of Chicago, et al.*, 06 C 6893 (Judge Filip) (*see* Opinion at Dkt. 56, attached hereto as Exhibit A); *see also U.S. v. All Meat and Poultry Products Stored at Lagrou Cold Storage*, 02 C 5145, 2006 WL 27119, at *2 (N.D. Ill. Jan. 4, 2006); *Jones v. City of Indianapolis*, 216 F.R.D. 440, 451 (S.D. Ind. 2003); *Benevolence Int'l Found., Inc. v. Ashcroft*, 200 F.Supp.2d 935. 938 (N.D. Ill. 2002); *Cruz v. County of DuPage*, No. 96 C. 7170, 1997 WL 370194, at *2 (N.D. Ill. June 27, 1997). These factors favor a stay in this case.

1.     **The Civil Action Involves the Same Subject Matter as the Criminal Action.**

The indictment of Defendant Officer Haleas, although not directly related to the incident alleged in this case, is related to the general allegations asserted in Plaintiff's First Amended Complaint.  In fact, the wrongful conduct that Defendant Officer Haleas is alleged to have used against Edward Beck, is similar to the wrongful allegations asserted in Plaintiff's First Amended Complaint.  As such, this civil action involves the same subject matter as the criminal investigation.

2.     **The Criminal Proceeding is Ongoing.**

Officer Haleas is currently facing felony charges in the Criminal Division of the Circuit Court, Cook County, Illinois.  The ongoing nature of the criminal proceedings supports staying

this case to avoid interfering with or compromising the criminal inquiries and prosecutions in Cook County.

### 3. The Public has Important Interests in Upholding the Fifth Amendment and Promoting Full and Fair Civil Trials.

A stay of the civil case will promote two important public interests. First, it will vindicate the public's interest in seeing that the protections afforded by the Fifth Amendment are safeguarded. *See*, *e.g.*, *Jones*, 216 F.R.D. at 452 (noting the public's "important interest" in "untainted" criminal prosecutions); *Ex parte Coastal Training Inst.*, 583 So. 2d 979, 981 (Ala. 1991) ("[Courts] must favor the constitutional privilege against self-incrimination over the interest in avoiding the delay of a civil proceeding."). Second, a stay will promote the public's interest in ensuring that civil disputes, including Plaintiff's, are fairly decided on a full factual record. *Cf. Edwards v. Atrium Village*, 127 F.R.D. 494, 499 (N.D. Ill. 1989) (noting the "important public interest in having [an] issue decided on the basis of a full factual record").

### 4. The Efficient Use of Judicial Resources Favors a Stay.

Permitting discovery to proceed would be an inefficient use of resources. The stay will promote judicial efficiency in that it may reduce the scope of discovery necessary in this case or otherwise simplify the issues, and remove the burden of numerous privilege issues that are likely to arise if discovery proceeds. Should Officer Haleas invoke his Fifth Amendment privilege and later waive it, a stay would also eliminate the need for multiple depositions of the same witness/party. With a key Defendant in this case who could potentially assert a privilege, a stay could avoid a substantial amount of unnecessary discovery, unnecessary judicial rulings, and unnecessary disputes of fact.

4

### 5. Stay Would Not Prejudice Plaintiff.

Upon information and belief, the criminal defense counsel for Officer Haleas is seeking a speedy resolution of the criminal matter. As both the prosecutors and criminal defense team are actively moving the criminal case, the stay would not be in perpetuity. Plaintiff cannot demonstrate irreparable harm or prejudice if the Court grants a stay during this limited period prior to the resolution of the criminal proceedings.

### 6. Not Issuing a Stay Will Prejudice the City.

Plaintiff is seeking to hold the City liable based on underlying allegations related to conduct of Haleas on or about June 7, 2007, which are similar to the allegations at the heart of the criminal proceeding against Haleas (*i.e.*, failure to administer field sobriety tests, falsification of police reports, perjury). It is essential to the City that all parties to the alleged encounter testify and provide substantive responses to discovery. Contrary to the interests of the City and outside of its control, the likely and potential assertion of the Fifth Amendment by Officer Haleas will deprive the City of the testimony of the main witness in this case during discovery. Under such a scenario, Plaintiff would be the only party to testify as to the underlying incident on June 7, 2007; whereas, the key police officer – Defendant Officer Haleas – would not present his side of the event. The first element of Plaintiff's *Monell* claim against the City is to prove that Plaintiff was the victim of a constitutional violation. If there is no constitutional violation, Plaintiff cannot recover as a matter of law. Should Haleas invoke the protections of the Fifth Amendment, the evidence would be devoid of half the facts. Hence, it would be difficult at best to ascertain what, if any, constitutional violation occurred. The individual police officer defendant's testimony would be of paramount importance on the issue of whether there was a constitutional violation. The absence of the individual defendant's testimony will operate to provide only one side of the story. The City would have the onerous burden and expense of

conducting discovery on a claim – *Monell* – without knowing the full scope of the alleged constitutional violation. It would be unfairly prejudicial to the City to proceed under these circumstances.

WHEREFORE, Defendant, City of Chicago, respectfully requests that this Court stay this matter pending resolution of the criminal charges against Defendant Officer John Haleas.

Dated: June 6, 2008                    Respectfully submitted,

                                       s/Gregory L. Lacey (ARDC No. 6239392)
Terrence M. Burns                      One of the Attorneys for Defendant
Daniel M. Noland                       CITY OF CHICAGO
Paul A. Michalik
Gregory L. Lacey
Dykema Gossett PLLC
10 South Wacker Drive
Suite 2300
Chicago, Illinois  60606

## CERTIFICATE OF SERVICE

I, Gregory Lacey, an attorney, hereby certify that on June 6, 2008, I caused the foregoing **Defendant, City of Chicago's Motion to Stay** to be served by CM/ECF Noticing on the parties listed below:

Jon F. Erickson
Michael Oppenheimer
Erickson & Oppenheimer, LLC
4554 N. Broadway
Suite 325
Chicago, Illinois 60640
(773) 907-0940

                                                s/Gregory L. Lacey  (ARDC No. 6239392)
                                                Gregory L. Lacey

CHICAGO\2456451.3
ID\GLL