**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS,**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NOE MARTINEZ individually, | ) | |
| and on behalf of all others | ) | |
| similarly situated, | ) | |
| | ) | 07 CV 6112 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Judge Robert Gettleman |
| | ) | |
| Chicago Police Officer | ) | Magistrate Judge Jeffrey Cole |
| OFFICER JOHN HALEAS (STAR# 6719) | ) | |
| and CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT JOHN HALEAS' ANSWER TO PLAINTIFF'S COMPLAINT AT LAW

NOW COMES the Defendant, JOHN HALEAS, by and through his attorneys, Querrey &

Harrow, Ltd., and for his Answer to Plaintiff's Complaint, states as follows:

### INTRODUCTION

1.    Plaintiff, NOE MARTINEZ, brings this action both in an individual capacity against

Defendant Officer Haleas and as a class action against Defendant City of Chicago on

his own behalf and on the behalf of all other similarly situated persons who were

arrested for Driving Under the Influence pursuant to 625 ILCS 5/11-501, et seq., by

Chicago Police Officer John Haleas, Star # 6719. The class period for this action is

two years. Plaintiff's knowledge is based upon his own acts and Plaintiff's

information and belied is based upon the investigation conducted by and through his

counsel.

**Answer:** Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 1.

2. This is a civil action brought pursuant to 42 U.S.C. §1983 to redress deprivation under color of law of Plaintiff Martinez's rights, as well as the rights of those similarly situated, as secured by the Constitution of the United States of America.

**Answer:** Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 2.

3. As a result of police misconduct and abuse more fully described below, Plaintiff Martinez and those similarly situated, allege that Defendant Officer Haleas, acting under the color of law unlawfully seized and falsely imprisoned Plaintiff Martinez, wrote false police reports and complaints to misinform prosecutors of the basis for charges, withheld exculpatory evidence and instituted criminal proceedings without a lawful basis, in violation of Plaintiff's due process and other rights.

**Answer:** Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 3.

## JURISDICTION AND VENUE

4. This jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §1983, the Judicial Code, 28 U.S.C. §1331 and 1343 (a); the Constitution of the United States; and pendant jurisdiction as provided under U.S.C. §1367(a) for attendant claims and parties.

**Answer:** Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 4.

5.      Venue is properly laid in this district because Plaintiff and those similarly situated were arrested by Defendant in Cook County, Chicago, Illinois.

**Answer:**  Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 5.

## THE PARTIES

6.      Plaintiff Noe Martinez at all relevant times resided in the state of Illinois.

**Answer:**  Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 6.

7.      Defendant Chicago Police Officer John Haleas is an employee of the Chicago Police Department and acted under his authority as a duly appointed police officer in the Chicago Police Department at all relevant times.

**Answer:**  Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 7.

8.      Defendant City of Chicago is a municipal corporation organized under the laws of the State of Illinois. It is responsible for the policies, procedures and practices implemented through its various agencies, departments, and employees, and for injury occasioned thereby. It was the employer of Defendant Officer Haleas at the time of the incidents complained of.

**Answer:**  Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 8.

## BACKGROUND

9.      On June 7, 2007, Plaintiff Noe Martinez exited a lounge in Chicago, Illinois.

**Answer:**  Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 9.


10.      Plaintiff Martinez walked to his car at 2010 N. Parkside to use his cell phone which

he had left in his car.


**Answer:**  Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 10.


11.      Plaintiff Martinez removed his car keys from his pants pocket, opened the car door,

returned his keys to his pants pocket, and then entered the car.


**Answer:**  Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 11.


12.      At no time while in the car, did Plaintiff Martinez remove the keys from his pocket,

put the keys or any key in the ignition, or by any means start the car.


**Answer:**  Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 12.


13.      At this time Defendant Officer Haleas and another officer approached Plaintiff's car

and Defendant Officer Haleas immediately ordered Plaintiff to exit the car.


**Answer:**  Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 13.

14.     Plaintiff Martinez complied with the Officer's order and without assistance or

difficulty exited the car.

**Answer:**  Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 14.

15.     Immediately upon exiting the car, Plaintiff Martinez was placed under arrest,

handcuffed and placed in Defendant Officer Haleas' squad car.

**Answer:**  Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 15.

16.     At no time did Defendant Officer Haleas offer or administer any Standardized Field

Sobriety Performance Tests.

**Answer:**  Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 16.

17.     Defendant Officer Haleas then transported Plaintiff Martinez to the twenty-fifth (25th)

Chicago Police District Station.

**Answer:**  Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 17.

18.     Defendant Officer Haleas then administered the *breathalyzer test* and the result was

"insufficient breath" (Which provides no result regarding blood alcohol content).

**Answer:**  Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 18.

19.     Defendant Officer Haleas kept Martinez for approximately forty minutes and then

returned Martinez's keys and released him from custody.

**Answer:**  Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 19.

20.     Defendant Officer Haleas charged Martinez with 625 ILCS 5/11-501(a)(2), Driving

Under the Influence of Alcohol.

**Answer:**  Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 20.

21.     As a result of his arrest, Plaintiff Martinez's vehicle was impounded, and he had to

pay approximately $1700.00 in order for it to be released.

**Answer:**  Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 21.

22.     As a result of this arrest, Defendant Officer Haleas completed and signed under oath

several reports containing perjured information; including Arrest Report, Law

Enforcement Sworn Report, Warning to Motorists, Notice of Vehicle Impoundment

and Alcohol/Drug Influence Report, as well as charging documents referred to as

Uniform Traffic Citations.

**Answer:**  Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 22.

23.    Defendant Officer Haleas alleged in those reports that he saw the Plaintiff Martinez driving the car, administered the Standardized Field Performance Tests and that Plaintiff refused to take the *breathalyzer test*.

**Answer:** Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 23.

## **Culpability of City of Chicago**

24.    The Cook County State's Attorney first learned that Defendant Officer Haleas ignored prescribed procedures and arrested suspects without probable cause on April 9, 2005, when employees of the Cook County State's Attorney observed personally an unlawful arrest of a citizen. Two days later, supervisors within the Cook County State's Attorneys' Traffic Division were informed of the misconduct.

**Answer:** Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 24.

25.    On May 17, 2005, Cook County State's Attorneys' employees and agents became aware that in addition to falsely arresting DUI suspects, Haleas swore out false complaints and false police reports in support of the false arrests, leading to unwarranted prosecutions.

**Answers:**  Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 25.

26.    On or about May 17, 2005, the City of Chicago's Police Department's Internal Affairs Division was informed of Haleas' misconduct. For more than two years, no action was taken.

**Answer:**  Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 26.

27.     With this information that Defendant Officer Haleas falsely arrested individuals and swore out false police reports in support of those false arrests, the Chicago Police Department kept Officer Haleas on the street, allowing him to continue to make false arrest for nearly two years. In addition, the Cook County State's Attorney's Traffic Division, which first uncovered Defendant Officer Haleas' wrongful conduct, continued to prosecute false DUI complaints sworn by him for two years.

**Answer:**  Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 27.

28.     To this day, despite an ongoing State's Attorney's Office investigation into possible felony charges of filing false reports, official misconduct and perjury, and despite a finding by the CPD's Internal Affairs Division that Defendant Officer Haleas did in fact falsely arrest citizens and then perjure himself on sworn complaints, Defendant Officer Haleas remains on active duty. Defendant Officer Haleas was finally removed from his fertile false-DUI beat on October 11, 2007.

**Answer:**  Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 28.

29.     In 2006, Defendant Officer Haleas made 241 DUI arrests. Almost all of the arrests were of Latino men, many of whom could not speak English, and for various reasons,

including income, immigration status, and language barriers, were more vulnerable to

false arrest and malicious prosecution than the average citizen.

**Answer:**  Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 29.

30.     In the last seven months of 2005, Defendant Officer Haleas made an estimated 200

DUI arrests. In the first eight months of 2007, Defendant Officer Haleas made an

additional estimated 200 DUI arrests.

**Answer:**  Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 30.

31.     During this time, Defendant Officer Haleas continued to receive awards as "Top

Cop" for piling up the unlawful DUI arrests.

**Answer:**  Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 31.

32.     On information and belief, even prior to the April 9, 2005 discovery, and during the

subsequent 30 months, dozens, and maybe hundreds, of DUI suspects testified under

oath that Defendant Officer Haleas ignored procedures and files false arrest.

**Answer:**  Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 32.

33.     Despite the constant drumbeat of complaints from Defendant Officer Haleas' victims,

and the corroboration from two Assistant State's Attorneys that witnessed the

misconduct, Defendant Officer Haleas was allowed by the City of Chicago and its

departments to continue to falsely arresting suspects and to continue to perjure himself for more than 30 months.

**Answer:** Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 33.

34. Further, ignoring their own employees, Cook County States Attorney Traffic Division supervisors continued to prosecute Defendant Officer Haleas cases for more than 30 months.

**Answer:** Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 34.

35. According to a spokesman for the Cook County States Attorney, it appears that the Chicago Police Department would have never taken action against Defendant Officer Haleas if not for the constant prodding by the States Attorney.

**Answer:** Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 35.

36. On information and belief, the eventual suspension of Defendant Officer Haleas, and dropping of his cases, only occurred after the Police Department and the Cook County States Attorney learned that the issues regarding Defendant Officer Haleas' misconduct might become public.

**Answer:** Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 36.

37. Such unwillingness to investigate police officers and on-duty misconduct by police officers has been a *de facto* policy of the City of Chicago, Chicago Police

Department, Office of Professional Standards and Internal Affairs Division for years. And, their conduct in the instant case mirrors their conduct in various similar cases of police misconduct.

**Answer:** Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 37.

38. The City's inaction regarding Defendant Officer Haleas' repeated conduct is just one example of the City's widespread failure to properly control its officers. The City of Chicago maintains a *de facto* policy, practice and custom of failing to train, supervise, discipline, and control its officers.

**Answer:** Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 38.

39. Municipal policy-makers have long been aware of the City's policy, practice and custom of failing to properly train, supervise and discipline its police officers:

   a. In 1999, the then Superintendent of Police gave a speech highlighting problems with the City of Chicago's policies and practices. Superintendent Hilliard spoke specifically of the need for early detection of potential problem officers, an effective disciplinary system, and officer accountability for misconduct.

   b. In 2001, the Justice Coalition of Greater Chicago ("JCGC"), composed of more than a hundred community groups, concluded a study that the determined that the Chicago Police Department lacked many of the basic tools necessary to identify, monitor, punish and prevent police misconduct and brutality. The JCGC findings

were presented to Mayor Richard Daley, the police superintendent, and the Chicago Police Board.

c.  In the 2002 arbitration for the police contract with the Fraternal Order of Police, the City recognized that it needed a way to identify officers who engage in repeated misconduct, stating that "the current system is flawed because 'not sustained' complaints cannot be considered in new investigations, even if they might suggest a pattern of inappropriate conduct."

d.  In 2003, a federal jury in the case of *Garcia v. City of Chicago*, No. 01 C 8945, 2003 WL 22175618, at *2(N.D. Ill. Sept. 19, 2003) affirmed that the City's police misconduct investigations were systematically "incomplete, inconsistent, delayed, and slanted in favor of the officers" and as a result, fostered a culture of impunity within the Chicago Police Department. The "City of Chicago's custom and practice of not adequately investigating, disciplining, or prosecuting off-duty Chicago Police officers who use excessive force against individuals" was found to have directly caused the constitutional harm. Id. At*1.

e.  By its own accounting, in 2004 the City of Chicago sustained civilians' allegations against officers in only 11 of 1,684 allegations of civil rights violations, less than 1 percent. A far smaller percentage of officers were actually disciplined for their misconduct. The Department's annual reports from 2001, 2002 and 2003 reveal similarly high numbers of civil rights complaints against its officers and similarly low rates of sustaining those complaints.

    f.   Currently, the City is fighting tooth and nail to keep quiet the list of names of the most frequent offenders. *See Bond v. Ulteras*, (N.D. IL, 04 cv 2617), (on appeal regarding discovery issue in 07-2651 (7th Cir. 2007)). Recently the City justified keeping the list of the most frequent abusers secret not only from the public, but also from the City's legislators because it was inappropriate to "kick police officers while they are down."

**Answer:**  Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 39.

40.    Although the City of Chicago has long been aware that its supervision, training and discipline of police officers is entirely inadequate, it has not enacted substantial measures to address these failures, and instead has utilized a strategy using the press to attack those that would complain of patterns of abuse. Despite their knowledge of the inadequacy of the City's supervision, training, and discipline of Chicago Police Officers, Defendants Internal Affairs Division, Office of Professional Standards, City of Chicago and the Chicago Police Department have failed to reform the broken system in any meaningful way. Redress that was specifically promised by the City Council and the Superintendent has long gone unfulfilled.

**Answer:**  Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 40.

41.    The City has failed to institute an "early warning" system to identify and track patterns of abuse by individual officers or groups of officers. For instance, the City

fails to consider prior complaints against officers to identify and respond to patterns of misconduct by its officers.

**Answer:**  Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 41.

42.     As a result of the City's policies, practice, and customs, its officers are emboldened to commit misconduct against civilians by virtue of their knowledge that they are effectively "above the law" and will not be held accountable for their misconduct.

**Answer:**  Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 42.

43.     The City not only failed to prevent Defendant Officer Haleas from abusing civilians, but not actually caused his conduct—not only by the above stated *de facto* policies, but also by continuing to reward what was clearly and noticeably suspicious conduct in an unusually large number of arrests, mostly apparently of Latinos. Knowing of the City's policies and practices, which allowed even the most repetitive abusers to go unmonitored and unpunished, the Defendant Officer  had nothing to fear from the City when they abused the Plaintiffs in this instant complaint.

**Answer:**  Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 43.

44.     The then chairman of the Chicago City of Council's Committee on Police and Fire declared in a January 2000 resolution, "[Chicago] police officers who do not carry out their responsibilities in a professional manner have ample reason to believe that they will not be held accountable, even in instances of egregious misconduct."

**Answer:** Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 44.

45.     As recently as the City Council Budget Committee hearings in October of 2007, Interim Superintendent Dana Starks acknowledged that there were ineffective controls in place to ensure that the police misconduct (such as that of Defendant Officer Haleas) does not occur.

**Answer:** Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 45.

## CLASS ACTION ALLEGATION

46.     Part of this Complaint includes a class action count pursuant to Rule 23 of the Federal Rules of Civil Procedure, brought on behalf of Plaintiff Martinez and all Illinois residents that were falsely arrested and falsely charged by Defendant Officer Haleas as a result of the City of Chicago's *de facto* policies that encourage false arrests and due process violations. Excluded from the class are: Defendants; any individual arrested by Defendant Officer Haleas who at any time had any supervisory or policy-making role with the City of Chicago, the Chicago Police Department, the Office of Professional Standards, or the Internal Affairs Division. Claims for personal injury or consequential damages—as it relates to the Count VII Class claim—are excluded from this class action. The class period for this action is two years.

**Answer:** Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 46.

47.     Plaintiff Martinez meets the prerequisites to bring this action on behalf of the Class because:

a. Numerosity: The class consists of several hundred individuals and is so numerous that joinder of all members as individual plaintiffs is impracticable. The exact number of Class members us unknown, and can only be ascertained via discovery. That said, based on news reports, it appears that the class will consist of at least 700 people who were falsely arrested and charged even after the City of Chicago became aware of Defendant Officer Haleas' conduct.

b. Commonality: There are questions of law and fact common to the Class. The Class Allegation is only against the City of Chicago, based on its *de facto* policies that caused the conduct of Defendant Officer Haleas, and not against Defendant Officer Haleas. Therefore, only the factual and legal issues regarding the City's conduct are relevant. These issues include:

    i.    Whether the city failed to properly investigate allegations of police misconduct.

    ii.    Whether the city failed to have a system in which monitors patterns of alleged police misconduct.

    iii.    Whether the City failed to properly discipline sustained allegations of police misconduct.

    iv.    Whether the City failed to properly maintain records of police misconduct and allegations of police misconduct.

    v.    Whether the City failed to properly hire, train, monitor, and/or supervise officers.

      vi.    Whether the City has a *de facto* policy, practice, and custom of the police code of silence which results in police officers refusing to report instances of police misconduct of which they are aware.

      vii.    Whether the City departments charged with investigating police misconduct fail to properly investigate misconduct unless prodded to do so by outside pressures such as threats of exposure.

      viii.    Whether all of these de facto policies let to members of the Class being unlawfully arrested and unlawfully charged.

  c.  Typicality: Plaintiff's claims are typical of the claims of the Class because Plaintiff and members of the Class each sustained similar damages arising out of Defendants' wrongful conduct.

  d.  Adequacy: Plaintiff Martinez will fairly and adequately protect the interests of the class. Plaintiff has not interests that are antagonistic to, or in conflict with, the interests of the Class as a whole, and has engaged competent counsel. Plaintiff is in the process of engaging a highly experienced class action attorney that is very familiar with complex litigation.

**Answer:**   Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 47.

48.    A class action is superior to all other available methods for this controversy because:

  a.  The prosecution of separate actions by the members of the Class would create a risk of inconsistent adjudications with respect to individual members of the Class that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede their

ability to protect their interests. This is particularly true in this particular class—which appears to consist almost entirely of low-income Latinos with little or limited education, and little or limited English language proficiency. Because of this characteristic of the Class, it is unlikely that many members of the Class will even be aware that they have rights to enforce without a mechanism to inform them;

b.  The prosecution of separate actions by members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, which would establish incompatible standards of conduct for Defendants. Again, in this particular case, such a result is very unlikely. For decades, City policy makers have given lip-service and created window dressing in an attempt to rectify their de facto policies that result in police misconduct. Allowing various judicial voices to add to this confused (and politically-driven) mish-mash will not serve the interest of the putative Plaintiffs, of Defendants, or of the judicial system. Put simply, the whole issue needs to be litigated in one setting, once and for all;

c.  Defendant City of Chicago acted or refused to act on grounds generally applicable to the Class; and

d.  Questions of law and fact common to members of the class predominate over any questions affection only individual members, and the class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**Answer:**  Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 48.

## COUNT I—Unlawful Seizure (individually, on behalf of Plaintiff)

49.     Plaintiff realleges and reincorporates all previous paragraphs.

**Answer:**  Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 49.

50.     As described above, the Defendant Officer, acting under color of law, conducted an unconstitutional seizure of Plaintiff Martinez by initially stopping Plaintiff without a lawful basis, without justification and without probable cause thus violating plaintiff's rights under the Fourth Amendment to the United States Constitution, and 42 U.S.C. Section 1983.

**Answer:**  Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 50.

51.     More specifically, Defendant Officer Haleas stopped, searched and arrested Plaintiff without probable cause, a warrant for his arrest, reasonable suspicion, or any true belief or indicia that he had committed any crime, and transported him to the police station.

**Answer:**  Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 51.

52.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights and innocence of Plaintiff.

**Answer:**   Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 52.

53.     The misconduct described in this Count was caused and participated in by Defendants supervisors in the manner described more fully above.

**Answer:**  Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 53.

## COUNT II—Second Unlawful Seizure (individually, on behalf of Plaintiff)

54.     Plaintiff realleges and reincorporates all previous paragraphs.

**Answer:**  Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 54.

55.     As described above, Defendant Officer falsely arrested and detained Plaintiff without justification and without probable cause thus violating plaintiff's rights under the Fourth Amendment to the United States Constitution, and 42 U.S.C. Section 1983.

**Answer:**  Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 55.

56.     Defendant Haleas followed up the initial unlawful seizure with a second unlawful seizure by officially arresting Plaintiff and placing him into lock-up until a bond was created and posted.

**Answer:**  Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 56.

57.     As a result of Defendant Officer's false arrest and unlawful detention, the City's policy and practice, and the Supervisory Defendants' actions and omissions, Plaintiff suffered emotional injuries including mental and emotional damage and trauma,

humiliation, damage to his personal and professional reputation, loss of liberty, mental distress and anguish.

**Answer:**   Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 57.

### COUNT III—False Imprisonment (individually, on behalf of Plaintiff)

58.    Plaintiff realleges and reincorporates all previous paragraphs.

**Answer:**   Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 58.

59.    As described above, Defendant Officer falsely imprisoned Plaintiff without lawful justification, both during the initial stop of Plaintiff, during the transporting of Plaintiff to the police station, and then again when putting Plaintiff in lock-up at the police station.

**Answer:**   Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 59.

60.    Plaintiff was physically restrained without a lawful basis by Defendant Officer Haleas, in violation of the common law prohibition against false imprisonment in the State of Illinois.

**Answer:**   Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 60.

61.    As a result of this false imprisonment, Plaintiff suffered emotional injuries including mental and emotional damage and trauma, humiliation, damage to his personal and professional reputation, loss of liberty, mental distress and anguish.

**Answer:** Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 61.

## COUNT IV—42 U.S.C. sec. 1983, Due Process Claim (individually, on behalf of Plaintiff)

62.     Plaintiff realleges and incorporates by references the foregoing paragraphs set forth in

full herein.

**Answer:** Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 62.

63.     Defendant Officer Haleas' conduct violated plaintiff's right to due process pursuant

to the United States Constitution.

**Answer:** Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 63.

64.     Defendant Officer Haleas wrote false police reports and false complaints and to

misinform prosecutors of the basis for charges against Plaintiff. In so doing, Haleas

withheld exculpatory evidence and instituted criminal proceedings against Plaintiff

without a lawful basis, in violation of Plaintiff's due process rights.

**Answer:** Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 64.

65.     As a result of the ongoing false statements, Plaintiff was forced to attend court dates,

and be under the constrictions that coincide with the pretrial conditions of bond.

**Answers:** Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 65.

66.     As a result of Defendant Officer Haleas' violation of Plaintiff's constitutional right to

due process, the City's police and practice, and the Supervisory Defendants' actions

and omissions, Plaintiff suffered emotional injuries including mental and emotional

damage and trauma, humiliation, lost wages damage to his personal and professional

reputation, loss of liberty, mental distress and anguish.

**Answer:**  Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 66.

## COUNT V—State Claim Malicious Prosecution (individually, on behalf of Plaintiff)

67.     Plaintiff incorporates and realleges all previous paragraphs.

**Answer:**  Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 67.

68.     Defendant Officer Haleas knowingly and maliciously caused criminal charges to be

filed and prosecuted against Plaintiff.

**Answer:**  Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 68.

69.     There was no probable cause for the institution of a criminal charge against Plaintiff.

**Answer:**  Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 69.

70.     The criminal proceedings were commenced and continued maliciously.

**Answer:**  Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 70.

71.     The Defendant Officer Haleas facilitated this malicious prosecution by creating false police reports, which he knew to be false.

**Answer:**   Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 71.

72.     Defendant Officer Haleas swore out false criminal complaints, which he knew to be false, which resulted in charges being brought against Plaintiff.

**Answer:**   Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 72.

73.     Plaintiff Martinez continues to suffer injury, as the charges are currently pending, and are expected to be dismissed *nolle prosequi* by the State on his next court date.

**Answer:**   Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 73.

74.     Plaintiff was injured, including emotional and physical damage, lost wages, loss of livelihood, legal fees, traumas, humiliation, loss of liberty, mental distress and anguish.

**Answer:**   Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 74.

## COUNT VI—42 U.S.C. Section 1983 *Monell* Claim (on behalf of Plaintiff, individually, and on behalf of all members of the Class as against the City of Chicago)

75.     Plaintiffs reallege and incorporate all of the allegations in the proceeding paragraphs.

**Answer:**   Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 75.

76.    The actions of Defendant Officer Haleas as alleged above were done pursuant to one or more *de facto* policies, practices and/or customs of the City if Chicago, Chicago Police Department, the CPD's Office of Professional Standards, and the CPD's Internal Affairs Division.

**Answer:**   Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 76.

77.    Among the *de facto* policies of the municipality and its agents were:

a.    The failure to properly investigation allegations of police misconduct.

b.    The failure to have a system which monitors patterns of alleged police misconduct.

c.    The failure to properly discipline sustained allegations of police misconduct.

d.    The failure to properly maintain records of police misconduct and allegations of police misconduct.

e.    The failure to properly hire, train, monitor, and/or supervise officers.

f.    A *de facto* policy, practice, and custom of the police code of silence results in police officers refusing to report instances of police misconduct of which they are aware. This conduct included police officers who remain silent or give false misleading information during official investigations in order to protect themselves or fellow officers from internal discipline or retaliation, civil liability, or criminal prosecution.

**Answer:**   Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 77.

78.     The aforementioned policies, practices, and customs, individually and collectively have been maintained and/or implemented with deliberate indifference by the Defendant City of Chicago, Defendant's Police Superintendent Cline, Defendant's Officer of Professional Standards Administrator Tisa Morris, and Defendant's Head of Internal Affairs Division Debra Kirby, and have encouraged the individual Defendant Haleas to commit the aforesaid wrongful acts against plaintiffs, and therefore acted as a direct and proximate cause of the complained of Constitutional and other legal violations, and Plaintiff's injuries.

**Answer:**  Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 78.

## COUNT VII—State Claim Respondent Superior

79.     Plaintiffs reallege and incorporate all of the allegations in the proceeding paragraphs.

**Answer:**  Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 79.

80.     In committing the acts alleged, Defendant Officer Haleas was a members and agent of the Chicago Police Department, acting at all relevant times within the scope of his employment.

**Answer:**  Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 80.

81.     Defendant City of Chicago is the employer of the Defendant Officer Haleas.

**Answer:**  Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 81.

82.     In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

**Answer:**  Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 82.

83.     As a proximate cause of Defendant's unlawful acts, which occurred within the scope of his employment activities, Plaintiff suffered physical and emotional injuries.

**Answer:**  Defendant John Haleas exercises his rights pursuant to the Fifth Amendment and therefore, does not provide an answer to allegations set forth in paragraph 83.

## **JURY DEMAND**

Defendant demands a trial by jury.

Respectfully submitted,

Defendant, JOHN HALEAS

By:     /s/ Daniel F. Gallagher
         One of his attorneys

Daniel F. Gallagher, Esq.
Larry Kowalczyk, Esq.
Dominick L. Lanzito, Esq.
QUERREY & HARROW, LTD.
175 West Jackson, Suite 1600
Chicago, Illinois 60604
Phone: 312-540-7000