# Exhibit A

Case 1:07-cv-06112    Document 76-2    Filed 07/18/2008    Page 1 of 11

## Affidavit of Mark Postal

Comes now the undersigned, Mark Postal, and being first sworn upon his oath does state and depose as follows:

1. I am of lawful age and competent to testify to the matters set forth herein.

2. I reside in St. Louis, Missouri.

3. I am employed by Intoximeters, Inc., which is located at 8110 Lackland Rd., St. Louis, MO 63114.

4. I was served with the attached subpoena at the offices of Intoximeters in St. Louis, Missouri.

5. The distance from St. Louis to Chicago is approximately 300 miles.

6. To the best of my recollection, I have been in Chicago on business for only six days since I began to work for Intoximeters, Inc. in January of 2000.

_____
Mark Postal

Subscribed and sworn to before me this 9th day of July, 2008.

_____
Notary Public

CATHERINE T. ORZEL
Notary Public - Notary Seal
State of Missouri
St. Charles County
My Commission Expires June 4, 2009
Commission # 05529074

My Commission Expires:

EXHIBIT A

AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF _____

| MARTINEZ | SUBPOENA IN A CIVIL CASE |
|---|---|
| V. | |
| HALEAS and CITY OF CHICAGO | Case Number:[1]  07CV 6112 |

TO: Mark Postal
Intoximeters, Inc.
8110 Lackland Road
St. Louis, MO 63114

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  134 N. LaSalle Suite 1000  Chicago, IL 60602 | DATE AND TIME  7/23/2008 1:00 pm |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached rider.

| PLACE  134 N. LaSalle Suite 1000  Chicago, IL 60602 | DATE AND TIME  7/23/2008 1:00 pm |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] | 6/26/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Richard Doherty
Bock & Hatch, 134 N. LaSalle, Suite 1000 Chicago, IL 60602  (312) 658-5500

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## DEFINITIONS AND INSTRUCTIONS

1. "You" and its various forms such as "your" means or refers to Intoximeters, Inc. and any affiliated organizations, corporations, or partnerships under the control of Intoximeters, Inc.

2. "Complaint" means the Class Action Civil Complaint filed in this action on October 29, 2007.

3. Defined terms in the Complaint shall have the same meaning herein as their meaning in the Complaint.

4. "Communications" means any oral, written, or electronic utterance, notation, or statement of any nature whatsoever, draft or final, potential or actual, by and to whomever made or attempted to be made, including, but not limited to, correspondence, memoranda, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings between two or more Persons.

5. "Concern," "concerns" or "concerning" as used herein mean constituting, relating to, referring to, describing, or evidencing, and when used with reference to documents, are meant to include documents underlying, supporting, now or previously attached or appended to, or used in the preparation of any document called for by each request.

6. "Documents" has the broadest possible meaning accorded to it under Federal Rule of Civil Procedure 34 and means any medium upon which intelligence or information can be recorded or retrieved, including without limitation any electronic data stored on any computer, network, or electronic media, including, but not limited to, active files, deleted files, or fragmentary files, and also includes, without limitation, the original and each copy regardless of origin and location, or any book, pamphlet, periodical, letter, memorandum, diary, calendar,

telex, electronic mail message, telegram, cable, report, record, contract, agreement, study, handwritten note, draft, working paper, chart, paper, print, record, drawing, sketch, graph, index, list, tape, stenograph recording, tape recording, computer diskette and/or data, photograph, microfilm, invoice, bill, order form, receipt, financial statement, accounting entry sheet or data processing car, or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced, reproduced, or stored, which is in your possession, custody, or control. The term "document" also means an authentic copy where the original is not in your possession or control and every copy of a Document that is not an identical copy of the original.

With regard to the term "document," as it encompasses any and all electronic data:

      (i)     "Computer" means, but is not limited to, personal computers (also know as microcomputers), laptop computers, portable computers, notebook computers, palm top or hand held computers, mini-computers, and mainframe computers.

      (ii)    "Electronic data" means the original (or identical copies when originals are not available) and any non-identical copies (whether different from the originals because of notes made on such copies or otherwise) of electronic data of any kind or description, whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. Such data may include, but is not limited to, word processing Documents, spreadsheets, database files, charts, graphs, outlines, electronic mail, operating systems, source code of all types, programming languages, linkers and compilers, peripheral drivers, pdf and tif files, batch files, and all ASCII files, and any and all miscellaneous files and/or file fragments, regardless of the medium of media on which they reside and regardless of whether such electronic data is in an active file, deleted file, or file fragment.

Electronic data includes, but is not limited to, any and all items stored on any electronic media, computers, or networks. The term "electronic data" also includes the file, folder tabs, and/or containers and labels appended to or associated with any physical storage device associated with each such original and/or copy.

(iii)   "Electronic media" means any magnetic or other storage media device used to record electronic data. Electronic media devices include, but are not limited to, any and all items stored on computer memories, hard disks, disk arrays, floppy disks, recordable or rewriteable CD-ROM or DVD-ROM, CD-ROM drives, Bernoulli Box drives or their equivalent, removable media, Zip or Jazz disks, optical disks, digital tape (DAT), magnetic tape of all types, removable memory cards, microfiche, punched cards, punched tape, computer chips, including, but not limited to, EPROM, PROM, RAM, and ROM, or on or in any other means or medium for digital data storage and/or transmittal.

(iv)   "Active file" means any electronic data file that can be utilized by an electronic data processing system in any manner without modification and/or re-construction. An active file is any electronic data file that has not been erased or otherwise destroyed and/or damaged and which is readily visible to the operating system and/or the software with which it was produced.

(v)   "Deleted file" means any electronic data file that has been erased or deleted from the electronic media on which it resided. The term "deleted file" includes, but is not limited to, any file whose File Allocation Table (FAT) entry

has been modified to indicate the file as being deleted and/or which is not readily visible to the operating system and/or the software with which it was produced.

(vi) "Fragmentary file" refers to any electronic data file that exists as a subset or an original active file. A fragmentary file may be active or deleted. The cause of fragmentation resulting in the fragmentary file can include, but is not limited to, manual intervention, electronic surges, and/or physical defects on electronic media.

(vii) "Network" means, but is not limited to, and hardware and/or software combination that connects two or more computers together and that allows such computers to share and/or transfer signals between them. For the purpose of this definition, the connection between or among the microcomputers need not be either physical or direct (*i.e.*, wireless networks utilizing radio frequencies and data sharing via indirect routes utilizing modems and phone company facilities are included) so long as the computers are able to share data.

If a document has been prepared in several copies, or additional copies have been made and the copies are not identical (or by reason of subsequent modifications of the company by addition or notations, and other modifications, are no longer identical) each non-identical copy is a separate "document."

7. "Subject breathalyzers" refers to, but is not limited to the Intox EC/IR and/or any other breathalyzer sold by you to the Chicago Police Department.

8. "Relating to" or "relate to" means concerning, referring to, received from, addressed to, sent to, alluding to, responding to, announcing, explaining, evaluating, discussing, showing, describing, studying, reflecting, analyzing, or consulting.

9. Identification of Persons, Entities, Acts, Files, and Documents:

   (i) To identify a natural person means to state the person's"

      (a) name;

      (b) current or last known home address and telephone number;

      (c) current or last known place of employment; and

      (d) the person's relationship to you and any of your affiliates.

   (ii) To identify an entity other than a natural person (for example, a corporation, partnership, joint venture or unincorporated division) means to state:

      (a) its full name;

      (b) the nature of the organization (corporation, partnership, association, committee, etc.);

      (c) the address of its principal office and, if applicable, the stat in which it is incorporated, its principal line of business or activities;

      (d) its owners and their addresses and telephone numbers;

      (e) its relationship to you and any of your affiliates; and

      (f) the date of its merger with any other entity, if applicable, and the name of any entity that it merged with.

   (iii) To identify an investment, act, agreement, event, communication, service, payment or occurrence meant to:

      (a) state the date it took place;

      (b) identify the persons or entities that were parties or witnesses to the act, agreement, event, communication, service, payment or

        occurrence, including the identity of the company or partnership receiving the investment;

(c) describe where and how it took place;

(d) identify the specific portions of any document that constitutes or refers to such act, agreement, event, communication, service, payment or occurrence; and

(e) if the act involved the payment of money or other things of value describe the consideration that changed hands, including the amounts of money, if any, and identify the payor(s) and payee(s).

(iv) To identify a file means:

    (a) to state the title of the file; and

    (b) to identify the persons for whom the file was or is maintained

(v) To identify a document means:

    (a) to identify all files in which the document and all copies of the document are found;

    (b) to identify the document's author;

    (c) to identify the document's addressees;

    (d) to identify all those who received a copy of the document;

    (e) to identify the document's current custodian and location;

    (f) to state the date of the document's preparation; and

    (g) to describe to document's general subject matter.

## RELEVANT TIME PERIOD

"Relevant Time Period" means January 1, 2005 through the date of your response to these requests.

## DOCUMENT REQUESTS

1. All documents, including but not limited to communications, generated by and received by you during the Relevant Time Period concerning contracts with the Chicago Police Department.

2. All documents, including but not limited to communications, generated by and received by you during the Relevant Time Period concerning contracts with the Cook County and/or the Cook County Board of Commissioners.

3. All documents, including but not limited to communications, generated by and received by you during the Relevant Time Period concerning usage and training procedures for the subject breathalyzers.

4. All documents, including but not limited to communications, generated by and received by you during the Relevant Time Period concerning the subject breathalyzers' life span and warranty information.

5. All documents, including but not limited to communications, generated by and received by you during the Relevant Time Period concerning the accuracy of the subject breathalyzers.

6. All documents, including but not limited to communications, generated by and received by you during the Relevant Time Period concerning trade usage of the subject breathalyzers.

7. All documents, including but not limited to communications, generated by and received by you during the Relevant Time Period concerning the method of administering a breathalyzer test with the subject breathalyzers.

8. All documents, including but not limited to communications, generated by and received by you during the Relevant Time Period concerning why the subject breathalyzers are not accepted for evidentiary use in certain states.

9. All documents, including but not limited to communications, generated by and received by you during the Relevant Time Period concerning the training of Chicago Police Department officers.

10. All documents, including but not limited to communications, generated by and received by you during the Relevant Time Period concerning complaints by the Chicago Police Department.

11. All documents, including but not limited to communications, generated by and received by you during the Relevant Time Period concerning lawsuits regarding the subject breathalyzers.