IN THE UNITED STATES DISRTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NOE MARTINEZ, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 07 C 6112 |
| CHICAGO POLICE OFFICER JOHN HALEAS (STAR #6719) and THE CITY OF CHICAGO, | ) ) ) ) | Judge Robert W. Gettleman  Magistrate Judge Cole |
| Defendants. | ) ) | |

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

NOW COME the Plaintiff Noe Martinez ("Plaintiff") individually and on behalf of all others similarly situated, by his attorneys and move that this Court enter an order against The City of Chicago ("Defendant") and move that that this Court enter an order against Defendant compelling it to answer Interrogatory No. 2 served by Plaintiff and to produce relevant documents surrounding that Interrogatory.

In support thereof, Plaintiff states as follows:

**I.    INTRODUCTION**

1. On October 29, 2007 Plaintiff filed a Class Action Complaint against Defendants Chicago Police Officer John Haleas and The City of Chicago on behalf of all similarly situated persons who were arrested for Driving Under the Influence pursuant to 625 ILCS 5/11-501, *et seq.*, by Chicago Police Officer John Haleas. (Docket # 1). Plaintiff's Class Action Complaint alleges that Officer Haleas, acting under the color of law unlawfully seized and falsely imprisoned Plaintiff and putative class members, wrote false police reports and complaints to misinform prosecutors of the basis for charges, withheld

exculpatory evidence and instituted criminal proceedings without a lawful basis, in violation of Plaintiff's and the putative class members' due process and other rights.

2. On June 6, 2008, because the State of Illinois filed a ten-count complaint against Defendant Officer Haleas – 4 counts of official misconduct, 2 counts of obstruction of justice and 4 counts of perjury – Defendant moved this Court to stay this entire proceeding. (Docket # 56).

3. However, on June 11, 2008 Judge Gettleman held that Plaintiff is entitled to pursue discovery relating to class certification. (Docket # 62).

2. As a result, on June 27, 2008 Plaintiff served Initial Interrogatories and Document Requests to the City of Chicago that were limited to class certification issues only.

3. On July 29, 2008 Defendant responded to Plaintiff's Document Requests (Exhibit A) and on July 30, 2008 Defendant answered Plaintiff's Initial Interrogatories (Exhibit B).

## II. DEFENDANT REFUSES TO PRODUCE INFORMATION PERTAINING TO THE PUTATIVE CLASS.

### A. Plaintiff's Interrogatory No. 2.

4. At issue in this motion to compel is merely a list of putative class members and the documents surrounding those class members.

5. Plaintiff's Interrogatory No. 2 states: "List the name of each Person arrested by Defendant Haleas for Driving Under the Influence pursuant to ILCS 5/11-501, *et seq*. ("DUI"). Exhibit B. Plaintiff also issued a document request asking for "All documents identified in Your answers to Plaintiff's Interrogatories." Exhibit A.

6. Defendant, who in open court foreshadowed their objection to discovery pertaining to the putative class members objected to Interrogatory No. 2 with the following objection:

The City objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of

2

      admissible evidence. Specifically, Plaintiff seeks the names of each person arrested by Officer Haleas, without regards to the fact that merely providing the names of arrestees would not identify members of a purported class. Magistrate Judge Cole stated at the July 28, 2008 hearing that this type of discovery was improper at this time. This request, as is, would not advance class discovery as provided for by Judge Gettleman's June 11, 2008 Order. Rather, it would simply require the City to undergo the unduly burdensome and time consuming process of identifying each and every person arrested, without regard to whether that information would, indeed, advance class discovery. Hence, the City objects to this interrogatory.

7. Defendant's objection is improper and as a result, on August 29, 2008 Plaintiff sent Defendant detailed correspondence outlining why Defendant's objection was improper and asking for an immediate response. <u>Exhibit C</u>. Because of Defendants representations in open court that it would refuse to produce information pertaining to the putative class members, and because of Judge Gettleman's desire to have a motion for class certification on file by late October, Plaintiff advised Defendant that if this matter was not resolved by September 3, 2008 Plaintiff would file a motion to compel. <u>Exhibit C</u>.

8. At the time of filing this motion, defense counsel never responded to Plaintiff's discovery correspondence.

    **B.    Defendant's Objections Are Improper.**

9. If the party from whom discovery is requested objects, that party has the burden to show why a discovery request is improper. <u>Gile v. United Airlines, Inc.</u>, 95 F.3d 492, 495 (7th Cir. 1996). That burden cannot be met by a "reflexive invocation of 'the same baseless, often abused litany' that the requested discovery is '…overly broad, unduly burdensome'." <u>Burkybile v. Mitsubishi Motors Corp.</u>, No. 04 C 4932, 2006 WL 2325506 at *6 (N.D.Ill. 2006) (Cole, J.) <u>quoting</u> <u>Swift v. First USA Bank</u>, No. 98-8238, 1999 WL 1212561 (N.D.Ill. Dec. 15, 1999).

3

"Despite court's repeated admonitions that these sort of 'boilerplate' objections are ineffectual, their use continues unabated, with the consequent institutional burdens and the needless imposition of costs on the opposing party." Id. citing Szabo Food Service, Inc. v. Canteen Corp., 823 F.2d 1073, 1077 (7th Cir. 1987); and Channell v. Citicorp Nat. Services, Inc., 89 F.3d 379, 386 (7th Cir. 1996).

10. Moreover, Parties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter of the litigation. Gile v. United Airlines, Inc., 95 F.3d 492, 495 (7th Cir. 1996) citing, Fed. R. 26(b). Information sought through discovery need not be specifically alleged in a pleading. The information sought must merely be "germane to a specific claim or defense asserted in the pleading for information concerning it to be a proper subject of discovery." Beauchem v. Rockford Products Corp., No. 01 C 50134, 2002 U.S. Dist. LEXIS 18166 at 11 (N.D.Ill. Sept. 27, 2002).

11. Defendant's objections are improper. First, Defendant's "overly broad" and "unduly burdensome" objections are boilerplate objections that should not prevent the production of this discovery. Interrogatory No. 2 is not "overly broad" or "unduly burdensome" as Plaintiff's class action complaint alleges that all of the DUI arrests made by one officer were improper during a two year period only. As a result, there is a limited number of putative class members that are easily identifiable by Defendant. In fact, Defendant likely already has this information available to them and is merely refusing to produce the information making this boilerplate objection improper.

12. Second, Defendant's remaining objection is also improper. This information is discoverable and crucial for Plaintiff to meet its burden of proving that this case should be certified as a class. In essence, what Plaintiff is requesting through Interrogatory No. 2 is a class list.

13. Moreover, this information, at the very least, goes to the numerosity, commonality and typicality requirements under Fed. Rule 23. Moreover, in open court defense counsel represented that every DUI arrest Defendant Haleas made was different; foreshadowing Defendant's argument that Plaintiff will not be able to meet the predominance requirement of Fed. Rule 23(b). To that end, Plaintiff is entitled to review the records of all of the DUI arrestees to determine whether Defendant is in fact correct. It would be improper to withhold this information from Plaintiff then for Defendant to rely on this information in an attempt to defeat Plaintiff's motion for class certification.

### III. CONCLUSION

For the reasons stated in Plaintiff's motion to compel discovery, Plaintiff requests that this Court order the City of Chicago to produce the above requested discovery.

Dated:  September 3, 2008


By:      s/ James M. Smith               
        One of Plaintiff's Attorneys

| | |
|---|---|
| Richard J. Doherty<br>James M. Smith<br>**BOCK & HATCH, LLC.**<br>134 N. LaSalle Street<br>Suite 1000<br>Chicago, IL 60602<br>Telephone: (312) 658-5500 | Jon F. Erickson<br>Michael Oppenheimer<br>**ERICKSON AND OPPENHEIMER, LLC.**<br>4554 N. Broadway<br>Suite 325<br>Chicago, IL 60640<br>Telephone: (773) 907-0940 |