IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NOE MARTINEZ, individually, and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) vs. ) ) Chicago Police Officer JOHN HALEAS (STAR #6719) and the CITY OF CHICAGO, ) ) ) Defendants. ) | Case No.: 07 C 6112<br><br>Judge Robert W. Gettleman<br><br>Magistrate Judge Jeffrey Cole |

## DEFENDANT CITY OF CHICAGO'S ANSWER TO PLAINTIFF'S INTERROGATORIES

Defendant, City of Chicago ("City"), by its attorney, Terrence M. Burns of Dykema Gossett PLLC, for its answer to plaintiff's interrogatories, states as follows:

### PRELIMINARY STATEMENT

The City's investigation and efforts to secure responsive documentation, upon which its answers to interrogatories are and will be based, is ongoing at this time. Defendant City will seasonably supplement its responses to interrogatories in the event additional documents or information is located at a later date as required by the Federal Rules of Civil Procedure.

### INTERROGATORY NO.1

State the name, job title, and address of any and all Persons providing information in response to these interrogatories.

**ANSWER:** The City objects to this interrogatory's demand that it identify the individuals who had to be consulted for the purpose of answering these interrogatories as said request imposes burdens outside those required by the federal rules, would be unduly burdensome, and would violate the work product privilege. Without waiving these objections, the City states that Sgt. Matthew Brady, assigned with the Chicago Police Department Office of Legal Affairs, has executed the verification accompanying these answers to interrogatories.

## INTERROGATORY NO.2

List the name of each Person arrested by Defendant Haleas for Driving Under the Influence pursuant to ILCS 5/11-501, et seq. ("DUI").

ANSWER: The City objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, Plaintiff seeks the names of *each* person arrested by Officer Haleas, without regards to the fact that merely providing the names of arrestees would not identify members of a purported class. Magistrate Judge Cole stated at the July 28, 2008 hearing that this type of discovery was improper at this time. This request, as is, would not advance class discovery as provided for by Judge Gettleman's June 11, 2008 Order. Rather, it would simply require the City to undergo the unduly burdensome and time consuming process of identifying each and every person arrested, without regard to whether that information would, indeed, advance class discovery. Hence, the City objects to this interrogatory.

## INTERROGATORY NO.3

List the name and job title of each of Your Employees involved in the decision to suspend Defendant Haleas from his duties as a Chicago Police Officer.

ANSWER: The City objects to this interrogatory on the grounds that it seeks information beyond the scope of discovery permitted by Judge Gettleman in this matter and is not reasonably calculated to lead to the discovery of admissible evidence pertaining to class discovery. Specifically, by Court order dated June 11, 2008, Judge Gettleman stayed discovery on the merits and only permitted Plaintiff to proceed with class discovery. This interrogatory seeks discovery on topics beyond class discovery and is hereby objected to by the City. Subject to and without waiving the foregoing objections, the City directs Plaintiff to the employees noted in CR No. 305652. This CR will be produced subject to the entry of an agreed upon Protective Order between the City and Plaintiff in this case.

## INTERROGATORY NO.4

List the name and job title of each of Your Employees involved in creating or modifying or implementing any policy relating to the training of Police Officers in handling an arrest for DUI.

ANSWER: The City objects to this interrogatory on the grounds that the expression "*involved in* creating or modifying or implementing" is vague and ambiguous (emphasis added). The City further objects on the grounds that this interrogatory seeks information related to Plaintiff's *Monell* claims, which are beyond the scope of discovery permitted by Judge Gettleman in this matter and is not reasonably calculated to lead to the discovery of admissible evidence pertaining to class discovery. Specifically, by Court order dated June 11, 2008, Judge Gettleman stayed discovery on the merits and only permitted Plaintiff to proceed

with class discovery. Hence, the information sought by this interrogatory is hereby objected to by the City. Subject to and without waiving the foregoing objections, the City directs Plaintiff to the General Orders that relate to DUI arrests which are identified by Bates Nos. NXM 00001 – NXM 00180.

INTERROGATORY NO.5

Identify every legal action filed against You regarding or involving Defendant Haleas.

ANSWER: The City objects to this interrogatory on the grounds that it is vague, in that it fails to define the word "identify" as it relates to the information sought; is overly broad, in that it fails to limit the information sought to legal proceedings involving arrests made by Officer Haleas for driving under the influence; and that it seeks information that is in the public domain (*e.g.* through the Northern District of Illinois Pacer/ECF system) and is equally available to the public, including Plaintiff and Plaintiff's counsel. Subject to and without waiving the foregoing objections, the City is aware of the following lawsuits where it has been served, which involves arrest(s) by Officer Haleas of individuals for driving under the influence: *Almaraz v. Haleas, et al.*, 07 C 6134; *Noe Martinez v. Haleas, et al.*, 07 C 6112; *Moises Morales v. City of Chicago, et al.*, 07 C 7243; *Diaz v. Haleas, et al.*, 08 C 805; *Cruz, et al., v. City of Chicago, et al.*, 08 C 2087; *Julio Martinez v. Haleas, et al.*, 08 C 1014; *Gomez v. Bemis*, 08 C 1686; and *Arreola v. Haleas, et al.*, 08 C 2802. Investigation continues.

INTERROGATORY NO.6

Identify: (i) the Person in charge of; (ii) any software used in; and (iii) any databases used in connection with, record keeping of Persons arrested for DUI.

ANSWER: The City objects to this interrogatory on the grounds that it seeks information beyond the scope of discovery permitted by Judge Gettleman in this matter and is not reasonably calculated to lead to the discovery of admissible evidence pertaining to class discovery. Specifically, by Court order dated June 11, 2008, Judge Gettleman stayed discovery on the merits and only permitted Plaintiff to proceed with class discovery. Subject to and without waiving the foregoing objections, the City is in the process of obtaining information sought by this interrogatory. Investigation continues.

INTERROGATORY NO.7

Identify any machines or devices used by You in testing of Persons to determine whether they may be arrested for DUI.

ANSWER: The City objects to this interrogatory on the grounds that it is overly broad, in that it seeks information as to machines or devices used across the Chicago Police Department, when the reliability of any such machines or devices is not at issue in this case. The City further objects to this interrogatory on the grounds that it seeks information beyond the scope of discovery permitted by Judge

3

Gettleman in this matter and is not reasonably calculated to lead to the discovery of admissible evidence pertaining to class discovery. Specifically, by Court order dated June 11, 2008, Judge Gettleman stayed discovery on the merits and only permitted Plaintiff to proceed with class discovery. The information sought regarding machines or devices used for testing is beyond class discovery and is hereby objected to by the City. In any event, the information sought would not identify members of a purported class. Subject to and without waiving the foregoing objections, the City states that the determination as to whether a person is arrested for DUI is a function of personnel of the Chicago Police Department pursuant to the policies and procedures for effectuating a DUI arrest, and is not determined solely by a machine or device.

### INTERROGATORY NO.8

Identify any Documents regarding display, reading or any other errors with respect to any machines or devices used by You in testing of Persons to determine whether they may be arrested for DUI.

ANSWER: The City objects to this interrogatory on the grounds that it seeks information beyond the scope of discovery permitted by Judge Gettleman in this matter and is not reasonably calculated to lead to the discovery of admissible evidence pertaining to class discovery. Specifically, by Court order dated June 11, 2008, Judge Gettleman stayed discovery on the merits and only permitted Plaintiff to proceed with class discovery. The City further objects in that this interrogatory seeks discovery regarding machines or devices used, when the reliability of any such machines or devices is not at issue in this case. In any event, the information sought would not identify members of a purported class. Subject to and without waiving the foregoing objections, the City states that the determination as to whether a person is arrested for DUI is a function of personnel of the Chicago Police Department pursuant to the policies and procedures for effectuating a DUI arrest, and is not determined solely by viewing the display or reading of the machine or device used.

### INTERROGATORY NO.9

Identify any communications between You and the following Persons or entities regarding Defendant Haleas:

1. Officer John Haleas

2. Cook County State's Attorney Traffic Division Supervisors

3. Cook County Assistant State's Attorneys

4. Spokesman for Cook County States Attorney

5. Police Superintendent Terry G. Hillard

4

| | | |
|---|---|---|
| | 6 | The Justice Coalition of Greater Chicago |
| | 7 | Mayor Richard Daley |
| | 8 | The Fraternal Order of Police |
| | 9 | The Chicago City Council's Committee on Police and Fire |
| | 10 | The Chicago City Council Budget Committee |
| | 11 | Police Superintendent Phillip Cline |
| | 12 | Tisa Morris, Office of Professional Standards Administrator |
| | 13 | Debra Kirby, Head of Internal Affairs Division |
| | 14 | Chicago Police Department Officer R.J. Kurian (Star# 18222) |
| | 15 | Chicago Police Department Officer A.B. Rosales (Star#5516) |
| | 16 | Chicago Police Department S.N. Masters (Star# 624) |
| | 17 | Patricia Vais, Assistant Public Defender |

ANSWER: The City objects to this interrogatory on the grounds that it seeks information protective from disclosure by the attorney-client communication privilege and work product doctrine. The City further objects on the grounds that this interrogatory seeks information beyond the scope of discovery permitted by Judge Gettleman in this matter and is not reasonably calculated to lead to the discovery of admissible evidence pertaining to class discovery. Specifically, by Court order dated June 11, 2008, Judge Gettleman stayed discovery on the merits and only permitted Plaintiff to proceed with class discovery. The information sought by this interrogatory would not identify alleged members of the class.

**INTERROGATORY NO.10**

State the number of Persons arrested by Defendant Haleas for DUI within the two years prior to the filing of the instant action.

ANSWER: The City objects to this interrogatory on the grounds that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence pertaining to class discovery. Specifically, Plaintiff seeks information relative to the number of *all* DUI arrests made by Officer Haleas, without regards to the fact that the total number of arrests made by Officer Haleas would not identify members of a purported class. Magistrate Judge Cole stated at the July 28, 2008 hearing that this type of discovery was improper at this time. This request, as is, would not advance class discovery as provided for by Judge Gettleman's June 11, 2008. Rather, it would simply show the total number of arrests made by Officer

Haleas during the requisite period, which does not advance class discovery. Hence, the City objects to this interrogatory.

### INTERROGATORY NO. 11

State the reasons for any suspension from active duty of Defendant Haleas.

ANSWER: Officer Haleas received a one day suspension for reasons set forth in CR No. 305652. This CR will be produced subject to the entry of an agreed upon Protective Order between the City and Plaintiff in this case.

Dated: July 30, 2008

Respectfully submitted,

One of the Attorneys for Defendant,
CITY OF CHICAGO

Terrence M. Burns
Paul A. Michalik
Daniel M. Noland
Gregory L. Lacey
Dykema Gossett PLLC
10 South Wacker Drive, Suite 2300
Chicago, Illinois 60606
(312) 876-1700 (telephone)
(312) 876-1155 (fax)

Haleas during the requisite period, which does not advance class discovery. Hence, the City objects to this interrogatory.

### INTERROGATORY NO. 11

State the reasons for any suspension from active duty of Defendant Haleas.

ANSWER: Officer Haleas received a one day suspension for reasons set forth in CR No. 305652. This CR will be produced subject to the entry of an agreed upon Protective Order between the City and Plaintiff in this case.

Dated: July 30, 2008

Respectfully submitted,

One of the Attorneys for Defendant,
CITY OF CHICAGO

Terrence M. Burns
Paul A. Michalik
Daniel M. Noland
Gregory L. Lacey
Dykema Gossett PLLC
10 South Wacker Drive, Suite 2300
Chicago, Illinois 60606
(312) 876-1700 (telephone)
(312) 876-1155 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2008, I served the foregoing **Defendant City of Chicago's Answer to Plaintiff's Interrogatories** on the following counsel of record by facsimile and U.S. Mail:

Jon F. Erickson
Michael Oppenheimer
Erickson & Oppenheimer, LLC
4554 N. Broadway
Suite 325
Chicago, Illinois 60640
773.907-0940 (telephone)

Daniel F. Gallagher
Lawrence S. Kowalczyk
Dominick L. Lanzito
Querrey & Harrow, Ltd.
175 West Jackson Boulevard
Suite 1600
Chicago, Illinois 60604
312.540.7000 (telephone)
312.540.0578 (facsimile)

James M. Smith
Richard J. Doherty
Bock & Hatch LLC
134 N. LaSalle Street
Suite 1000
Chicago, Illinois 60602
312.658.5500 (telephone)

_____
Gregory L. Lacey

## VERIFICATION

Sergeant Matthew Brady, assigned to the Office of Legal Affairs, Chicago Police Department, verifies that he signed the foregoing Defendant City of Chicago's Answers to Plaintiffs' Interrogatories, that he is duly authorized to do so; that certain of the matters stated in the foregoing Answers are not within his personal knowledge, and to his personal knowledge and belief, there is no employee of the City of Chicago who has personal knowledge of all such matters; and that the statements set forth in the foregoing Answers are based on documents and information which has been assembled by authorized employees and counsel of the City of Chicago, and that he is informed and believes that the statements set forth in the foregoing Answers are true and accurate to the best of his knowledge, information and belief. As indicated above, the Answers will be supplemented as needed.

*[signature]*
Sergeant Matthew Brady
City of Chicago Police Department
Office of Legal Affairs

*Martinez v. Halgas, 07 C 6112*
*July 30, 2008*