# BOCK & HATCH, LLC

134 North La Salle Street, Suite 1000
Chicago, IL 60602
312-658-5500 • Fax 312-658-5555

August 29, 2008
Via Facsimile and U.S. Mail

Gregory L. Lacey
Dykema Gossett PLLC
10 South Wacker Drive, Suite 2300
Chicago, IL 60606

    In re:  Martinez v. Haleas, et al.
             Civil Action No. 07 C 6112

Dear Mr. Lacey:

    Plaintiff has reviewed the City of Chicago's discovery responses. Plaintiff will send detailed discovery correspondence regarding all of the City of Chicago's improper objections in due time. However, as an initial matter, Plaintiff addresses the City of Chicago's objection to Plaintiff's request to have information regarding the people Defendant Haleas arrested for driving under the influence.

**Plaintiff's Interrogatory No. 2:**

    List the name of each Person arrested by Defendant Haleas for Driving Under the Influence pursuant to ILCS 5/11-501, *et seq.* ("DUI")

**The City of Chicago's Answer:**

    The City objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, Plaintiff seeks the names of each person arrested by Officer Haleas, without regards to the fact that merely providing the names of arrestees would not identify members of a purported class. Magistrate Judge Cole stated at the July 28, 2008 hearing that this type of discovery was improper at this time. This request, as is, would not advance class discovery as provided for by Judge Gettleman's June 11, 2008 Order. Rather, it would simply require the City to undergo the unduly burdensome and time consuming process of identifying each and every person arrested, without regard to whether that information would, indeed, advance class discovery. Hence, the City objects to this interrogatory.

**Analysis:**

    Defendant's objections are improper. Defendant's "overly broad" and "unduly burdensome" objections are boilerplate objections that will not prevent the production of this

discovery. Defendant's remaining objection is also improper. This information is discoverable and crucial for Plaintiff to meet its burden of proving that this case should be certified as a class and nothing in the previous orders indicate otherwise. This information, at the very least, goes to the numerosity, commonality and typicality requirements under Fed. Rule 23. Moreover, in open court you represented that every DUI arrest Defendant Haleas made was different; foreshadowing Defendant's argument that Plaintiff will not be able to meet the predominance requirement of Fed. Rule 23(b). To that end, Plaintiff is absolutely entitled to review the records of all of the DUI arrestees to determine whether Defendant is in fact correct.

If we are unable to resolve this issue by Wednesday September 3, 2008, Plaintiff will file a motion to compel with the Court.

Sincerely,

James M. Smith