IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NOE MARTINEZ, MONTOYA WILLIAMS, ARMANDO NUNEZ, CHRISTOPHER MORRIS, ANTONIO BENAVIDES, FEDERICO RIVERO, JOSE CERVANTES, EDWIN RAMIREZ, HENRY PALOMO, DANIEL ORTIZ, LUIS GUERRERO, KENNETH REYES, and LAWRENCE KOSCAL, <br><br> Plaintiffs, <br> v. <br><br> CHICAGO POLICE OFFICER JOHN HALEAS, (Star # 6719) and THE CITY OF CHICAGO, <br><br> Defendants. | No. 07 C 6112 <br><br> Judge Robert W. Gettleman |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Noe Martinez ("Martinez"), Montoya Williams ("Williams"), Armando Nunez ("Nunez"), Christopher Morris ("Morris"), Antonio Benavides ("Benavides"), Federico Rivero ("Rivero"), Jose Cervantes ("Cervantes"), Edwin Ramirez ("Ramirez"), Henry Palomo ("Palomo"), Daniel Ortiz ("Ortiz"), Luis Guerrero ("Guerrero"), Kenneth Reyes ("Reyes"), and Lawrence Koscal ("Koscal") have brought a seven count first amended complaint against defendants City of Chicago (the "City") and Chicago Police Officer John Haleas ("Haleas") alleging: a Monell claim by all plaintiffs against the City of Chicago (the "City") (Count I); indemnity by all plaintiffs against the City (Count II); false imprisonment, in violation of plaintiffs' Fourteenth Amendment rights, brought pursuant to 42 U.S.C. § 1983 (Count III); illegal search and seizure, in violation of plaintiffs' Fourth Amendment rights, brought pursuant to 42 U.S.C. § 1983 (Count IV); malicious prosecution by all plaintiffs against the City and Haleas (Count V); intentional infliction of emotional distress against the City and Haleas (Count

VI); and a state law claim for false imprisonment against the City and Haleas (Count VII).
Defendants have moved to dismiss the newly added plaintiffs for improper joinder pursuant to
Fed. R. Civ. P. 21, or in the alternative, to sever plaintiffs' claims for trial pursuant to Fed. R.
Civ. P. 42(b). Plaintiffs oppose the motions, arguing that permissive joinder is proper under Fed.
R. Civ. P. 20(a). For the reasons stated below, defendants' motions to dismiss the newly added
plaintiffs are granted, and the motions to sever under Rule 42(b) are deemed moot.

## BACKGROUND

The original complaint in this matter was filed by Martinez as a putative class action.[1]
On September 2, 2009, the court denied Martinez's motion for class certification, and on
November 5, 2009, Martinez along with twelve other plaintiffs filed the instant complaint.

Plaintiffs were each arrested by Haleas and charged with Driving Under the Influence
("DUI") in separate incidents during a two year period beginning in June 2006 and spanning to
June 2008.[2] Plaintiffs claim that in each case Haleas falsified evidence, failed to administer the
Standardized Field Performance Tests, falsified police reports and testimony to indicate that he
had administered the field tests that plaintiffs had all failed, falsified police reports to indicate
that plaintiffs refused breathalyzer tests, and used identical language in his reports and testimony
to describe the purportedly drunken behavior of plaintiffs during their arrests. All charges were
eventually dismissed as to each plaintiff.

---

[1] For a fuller recitation of the underlying facts, see the court's opinion of September 2, 2009. Martinez v. Haleas, 2009 WL 2916852 (N.D. Ill. Sept. 2, 2009).

[2] This two year period is based on the incomplete list of dates of arrest included in the complaint. Moreover, although the complaint alleges that one of the plaintiffs was arrested in June 2008, it would seem that this is in error given that elsewhere in the complaint it states that Haleas was removed from his DUI duty in October 2007.

2

Plaintiffs allege their false arrests violated their constitutional rights to due process and resulted in damages including court costs, vehicle impoundment costs, and attorney's fees. They further allege that Haleas personally profited from engaging in a pattern and practice of making false DUI arrests because, as a midnight shift officer, he was paid overtime every time he made a daytime court appearance. Additionally, plaintiffs allege that the City maintained policies that allowed and encouraged Haleas and other Chicago police officers to engage in a continuing course of false arrests and overtime pay abuses.

## DISCUSSION

Defendants have moved to dismiss the twelve newly added plaintiffs on the ground that they were improperly joined, or in the alternative, to sever plaintiffs' claims for trial. Defendants argue that joinder is improper here because plaintiffs' claims arise out of thirteen individual DUI arrests that were made under different circumstances, at a different locations, and over a span of two years. Additionally, defendants argue that independent inquiry into the presence of probable cause is necessary to resolve each plaintiff's claims, and that trying all thirteen actions together would potentially confuse the jury and ultimately prejudice the defendants. Plaintiffs argue in response that defendants' motion is premature because it was filed prior to the filing of a responsive pleading. They also contend that they have met the joinder requirements of Rule 20(a)(1) because the plaintiffs' individual claims share numerous common questions of law and fact and the equities favor joinder.

### A. Timeliness of Motions

As a preliminary matter, plaintiffs argue that defendants' motions are premature because defendants have not yet answered the amended complaint. There is no rule precluding

consideration of such motions before a responsive pleading is filed. Under Fed. R. Civ. P. 21, the court has broad discretion to "at any time, on just terms, add or drop a party . . . [or] sever any claim against a party." See Rice v. Sunrise Express, Inc., 209 F.3d 1008, 1016 (7th Cir. 2000). The cases cited by both sets of parties illustrate that the timing of such motions is soundly within the discretion of the court. See Harris v. Spellman, 150 F.R.D. 130 (N.D. Ill. 1993)(Rule 21 motion granted before responsive pleading filed); Byers v. Illinois State Police, 2000 WL 1808558 (N.D. Ill. Dec. 6, 2000)(motion to join new plaintiff to amended complaint denied); Benitez v. Am. Standard Circuits, Inc., 2009 WL 742686 (N.D. Ill. Mar. 18, 2009)(Rule 21 and 42 motions filed before responsive pleadings deemed premature); Nelson v. Chertoff, 2008 WL 4211577 (N.D. Ill. Sept. 10, 2008)(motion to sever denied because of "newness" of the case and minimal discovery). Based on the facts alleged in the amended complaint and defendants' papers in support of the instant motions, it is clear that plaintiffs' individual claims arise from thirteen separate incidents, and any responsive pleadings or discovery are not likely to disrupt this pivotal fact. Moreover, unlike cases where the litigation is new, the instant case has been pending since 2007, and there was extensive discovery conducted in connection with the motion for class certification. For these reasons, the court finds that defendants' motions are timely and will consider the merits of the parties' arguments.

**B. Motions to Dismiss for Misjoinder of Newly Added Plaintiffs**

The permissive joinder standard of Fed. R. Civ. P. 20(a)(1) provides in relevant part:

All persons may join in one action as plaintiffs if:

> (A) they assert any right to relief jointly, severally, or in the alternative, in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

4

> (B) if any question of law or fact common to all these persons will arise in the action.

Both requirements must be fulfilled to satisfy the Rule, the purpose of which is to promote judicial economies. Elmore v. Henderson, 227 F.3d 1009, 1012 (7th Cir. 2000). With respect to the first requirement, because there is no hard and fast rule for determining whether a particular situation constitutes a single transaction or occurrence for purposes of Rule 20, courts generally employ a case-by-case analysis. See Mosley v. General Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974). Among the factors considered are when the alleged conduct occurred, whether the same people were involved, whether the conduct was similar, and whether it implicated a system of decision-making or widely-held policy. Wilson v. Peslak, 2005 WL 1227316 (N.D. Ill. May 12, 2005).

In the instant case, the crux of the parties' disagreement is whether Haleas' arrests of plaintiffs were part of a "series of transactions or occurrences" within the meaning of Rule 20(a). The court finds that they were not. Moreover, this court denied Martinez's Fed. R. Civ. P. 23 motion for class certification because he could not "demonstrate that common legal or factual questions of class predominate over the individual questions." Martinez v. Haleas, 2009 WL 2916852 (N.D. Ill. Sept. 2, 2009). The same logic applies to the instant motion.

While there are similarities between each of the arrests in question – Haleas was the arresting officer in each and each arrest was for DUI – all of the arrests took place on different dates, in different locations, and under distinct circumstances during a two year period. More importantly, the allegations regarding plaintiffs' Monell claims and the City's policies are

inherently dependent on particular factual determinations that must be made as to each arrest.[3] Without severance of each plaintiff's claim, a jury would be required to hear evidence and make factual determinations concerning thirteen separate events in one trial. This would likely be confusing to the jury, prejudicial to defendants, and undermine any other economies in litigation that may come from allowing joinder of plaintiffs.[4]

Specifically, the amended complaint describes thirteen separate arrests, each with its own unique facts. For example, plaintiff Martinez alleges that Haleas arrested him for DUI while he (Martinez) was sitting in a parked car without the keys in the ignition. Plaintiff Willimas alleges he was not even in his car when Haleas arrested him. Plaintiff Nunez alleges that he was driving when Haleas conducted a traffic stop. Plaintiff Guerrero alleges that he was returning a personal item from his car when Haleas arrested him. Plaintiff Ramirez alleges he was driving in a snowstorm, arrested by Haleas, and coerced into taking a breathalyzer test which he passed but which Haleas apparently ignored in pressing charges.

These examples demonstrate that each of these plaintiff's claims require individual fact finding and discovery. Each plaintiff will have different witnesses and testimony to support his

---

[3] The elements of a Monell claim are (1) the deprivation of a constitutional right; (2) that action was taken pursuant to a custom, policy or practice of the local government unit; and (3) that such action was the cause of the deprivation. Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 692, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Thus, for a plaintiff's Monell claim to prevail, he must show that the City's policy caused Haleas' underlying violation of plaintiffs' constitutional rights. Absent such an underlying constitutional violation by Haleas, there can be no Monell claim against the City. Monell, 436 U.S. at 690-92.

[4] The court acknowledges that while at least one other judge has reached different conclusions when considering similar facts and claims, severance under Rule 21 is discretionary and, at this stage in the proceedings, prudent in this case. See Dean v. City of Chicago, 2009 WL 2848865 (N.D. Ill. Aug. 31, 2009)(J. Kennelly)(denying defendants' motion to sever in a 19 plaintiff action against a Chicago police officer and the City for similar claims).

claim, as well as separate questions for Haleas to answer. Haleas will not doubt have his own version of each incident. Consequently, each plaintiff's claim will have to be tried separately. Although, to be sure, there may be common questions regarding the Monell claim that the City had a policy of encouraging Haleas's conduct, that issue can be dealt with by joining discovery before a single judge to coordinate under this district's Internal Operating Procedure ("IOP") 13(e).[5]

Finally, as the City point out, there are other cases pending in this district against Haleas, and still other cases against other (former) Chicago police officers accused of falsifying DUI arrests (including the Dean case pending before Judge Kennelly), alleging the same Monell claims against the City. This court is of the opinion that each of these will have to be tried separately, either by refusal to allow joinder or eventual severance. This court chooses the former.

Because plaintiffs' claims do not "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" for purposes of Rule 20(a), joinder of defendants in this

---

[5] IOP 13(e) provides:

> Coordinated Pretrials in Complex Cases Not Involving Multi-District Litigation. The Executive Committee may determine that it would be in the best interests of efficient judicial administration to hold a coordinated pretrial proceeding in a group of cases which either (1) are not related within the meaning of LR40.4(a) or (2) are related within the meaning of LR40.4(a) but reassignment is not appropriate under LR40.4(b). Where such a determination is made, the Committee will designate a judge to hold such a proceeding. The cases shall remain on calendars of the judges to whom they were assigned at the start of the coordinated proceeding and only matters specified in the order of coordination shall be brought before the designated judge. All judges affected by such a coordinated pretrial proceeding shall be notified by the clerk.

case is improper, and defendants' motions to dismiss the newly added plaintiffs are granted without prejudice pursuant to Rule 21. Defendants' Rule 42 motions to sever are deemed moot. Plaintiffs Williams, Nunez, Morris, Benavides, Rivero, Cervantes, Ramirez, Palomo, Ortiz, Guerrero, Reyes, and Koscal are dismissed from this action without prejudice as improperly joined. They are given leave to file separate actions and proceed separately.

## CONCLUSION

For the reasons stated above, defendants' motions dismiss pursuant to Rule 21 are granted without prejudice, and defendants' motions to sever pursuant to Rule 42 are deemed moot. Plaintiffs Williams, Nunez, Morris, Benavides, Rivero, Cervantes, Ramirez, Palomo, Ortiz, Guerrero, Reyes, and Koscal are dismissed from this action without prejudice as improperly joined. They are given leave to file separate actions and proceed separately.

**ENTER:** March 30, 2010

**Robert W. Gettleman**
**United States District Judge**